UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PERCY CAGE (#131655)                                        CIVIL ACTION

VERSUS

DENNIS GRIMES                                               NO. 14-0246-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 23, 2014.

                                              RICHARD L. BOURGEOIS, JR.
                                              UNITED STATES MAGISTRATE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PERCY CAGE (#131655)                           CIVIL ACTION

VERSUS

DENNIS GRIMES                                NO. 14-0246-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate currently confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Dennis Grimes of the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, complaining that an item of the plaintiff's personal property was lost or stolen at EBRPP in September, 2013, when he was transferred from LSP to that facility for a court hearing.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged supporting facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."

*Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that he was transferred from LSP to EBRPP in September, 2013, in connection with a court hearing. The plaintiff asserts that at that time, his personal property, which included a gold chain and a pendant valued at $500.00, was inventoried at EBRPP by Sheriff's Deputy Bacard (not named as a defendant herein). Thereafter, upon return to LSP on October 14, 2013, the EBRPP transportation officers (not named as defendants herein) failed to return his property to him. The plaintiff alleges that he submitted an administrative lost property claim to EBRPP officials in December, 2013, and he asserts that when he thereafter made another visit to that facility for a court hearing, he was called to a meeting with defendant Warden Grimes, who assured the plaintiff that the plaintiff would be reimbursed for the loss. Notwithstanding, the plaintiff complains that he was thereafter subjected to threats by unnamed EBRPP security officers who urged the plaintiff to withdraw his grievance. Finally, in January, 2014, the plaintiff received a response to his administrative lost property claim which advised him that he would be compensated as soon as he provided a receipt showing the value of the lost or stolen property. Notwithstanding, although the plaintiff thereafter provided a receipt and a photograph of the property, his claim was refused, purportedly because he failed to provide an original receipt and because the copy of the receipt

that he provided did not identify him as the recipient or owner thereof. The plaintiff asserts that defendant Grimes has again specifically acknowledged to the plaintiff, this time on March 13, 2014, that the property was lost while stored at EBRPP and that the plaintiff would be reimbursed. The plaintiff complains, however, that "now Grimes is using a unique tactic to avoid from paying."

The plaintiff's allegations fail to state a claim of constitutional dimension. Initially, the Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of defendant Grimes in the events alleged or in any specific wrongdoing amounting to a constitutional violation. In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, it appears that the plaintiff has failed to sufficiently allege that the defendant warden has undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no factual allegation that defendant Grimes was personally or directly involved in the handling of the plaintiff's personal property or in the loss or taking thereof. Nor does the plaintiff suggest that the loss or taking of his property was pursuant to any specific wrongful policy for which the defendant warden is responsible. Accordingly, in the absence of any allegation regarding the direct involvement of the named defendant in the events complained of, the plaintiff's claim asserted against defendant Grimes is without legal or factual foundation, and the defendant is entitled to judgment as a matter of law in connection with this proceeding.[1]

Further, the Court finds that a substantive review of the plaintiff's claim would fare no better and that, even were the Court to allow the plaintiff to amend his Complaint to name as defendants herein the EBRPP security officers who personally mishandled or misappropriated his property, this action would still be subject to dismissal. In this regard, although the plaintiff complains that his personal property was lost or stolen by prison officials, the law is clear, pursuant to well-established federal jurisprudence, that an unauthorized negligent or even intentional deprivation of property by a prison employee does not amount to a violation of the procedural requirements of constitutional due process if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451

---

1. The mere fact that defendant Grimes may have assured the plaintiff that the plaintiff would be compensated for the lost property does not, in the Court's view, support a different conclusion. To the contrary, the alleged failure of defendant Grimes to honor a purported commitment to reimburse the plaintiff, even if true, suggests nothing more than a breach of a form of contractual obligation on the part of the defendant and not a claim that rises to the level of a violation of the plaintiff's constitutional rights.

U.S. 527, 542 (1981).[2]  Moreover, the burden is on the complainant to show that available post-deprivation remedies are not adequate.  *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).  In the instant case, the plaintiff has not alleged that post-deprivation remedies were unavailable to him or were inadequate.  To the contrary, it is recognized that Louisiana law provides ample remedies under which the plaintiff could have proceeded against prison officials for recovery of his property or for reimbursement for its loss.  *Marshall v. Norwood, supra*, 741 F.2d at 763.  In fact, it appears from the plaintiff's allegations that he has in fact pursued a remedy in the form of an administrative lost property claim at EBRPP, seeking a return of his property and/or appropriate compensation, and his administrative claim has been found to be justified and to merit reimbursement.  This claim, therefore, is subject to dismissal as being without legal foundation.

Finally, although the plaintiff complains that he was subjected to threats at EBRPP and to attempts by prison officials to induce him to withdraw his administrative claim, the law is clear that allegations of mere verbal abuse, in the form of threats, insults or harassment, even if true, do not amount to a constitutional violation.  *Orange v. Ellis*, 348 Fed. Appx. 69, 72 (5th Cir. 2009); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983).  Thus, even were the Court to allow the plaintiff to amend his Complaint to name as defendants herein the EBRPP security officers who allegedly attempted to induce him to withdraw his administrative lost property claim, the claim would nonetheless be subject to dismissal.  Accordingly, this aspect of the plaintiff's claim is also without legal foundation.

---

2. The underlying rationale of *Parratt* and *Hudson* is that when deprivations of property are effected through either negligent or intentional conduct on the part of a prison employee, pre-deprivation procedures are simply "impracticable" since the prison administration cannot know in advance when such deprivations will occur.  *Hudson v. Palmer, supra*, 468 U.S. at 533.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on October 23, 2014.

                                                  **RICHARD L. BOURGEOIS, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

3. The Court advises the plaintiff that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."